1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                    **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   SCOTT JOHNSTON,                           No. CIV S-09-1353-FCD-CMK

12            Plaintiff,

13       vs.                                 <u>FINDINGS AND RECOMMENDATIONS</u>

14   CITY OF RED BLUFF, et al.,

15            Defendants.

16   _____/

17            Plaintiff brings this civil action under the Age Discrimination in Employment Act

18   ("ADEA"), 29 U.S.C. §§ 621-634, against the City of Red Bluff and various of its current and/or

19   former employees, Martin Nichols, Tessa Pritchard, Mark Barthel, and Richard Crabtree.

20   Plaintiff alleges age discrimination and related constitutional and state law torts with respect to

21   his employment as an engineering technician for defendant City of Red Bluff.  All defendants

22   have appeared by way of their answer filed on June 5, 2009.

23            Plaintiff's original complaint named Art Frolli, a union representative for

24   Operating Engineers Local No. 3.  Frolli's separate motion to dismiss was granted on February

25   18, 2010.  The court dismissed Frolli with prejudice and the complaint was dismissed with leave

26   to amend as to the remaining defendants.  Plaintiff's interlocutory appeal from that order was

1   dismissed on May 19, 2010, for lack of appellate jurisdiction.  Thereafter, plaintiff filed his first

2   amended complaint on June 18, 2010 (Doc. 34).  Pending before the court is defendants' motion

3   to dismiss the first amended complaint (Doc. 35).[1]

4

5   ## I. PLAINTIFF'S ALLEGATIONS

6       Plaintiff was hired by defendant City of Red Bluff in August 2000 as an

7   Engineering Technician I.  He was 43 years old at the time.  In February 2002 plaintiff was

8   promoted to the position of Engineering Technician II.  According to plaintiff, this position was

9   not posted or advertised and he was promoted solely based on the recommendations of his

10  supervisors.  Plaintiff states that, based on this history, he expected to be promoted to Tech III

11  "within the next few years."  Plaintiff states that his immediate supervisor – Tim Wood – was

12  replaced by defendant Barthel in mid-2004.  According to plaintiff,  "personality clashes"

13  between plaintiff and Barthel developed "over the years."

14      Plaintiff states that, by August 14, 2005, he  "deserved a promotion"  and that a

15  promotion required a recommendation from Barthel.  Barthel informed plaintiff that there was

16  not enough money in the city budget for plaintiff to be promoted.  Plaintiff claims that, unknown

17  to him at the time, in early 2008 the city began looking for another engineering technician.

18  Plaintiff states that defendants Barthel, Pritchard, and Nichols "would have each known of the

19  opening, but they did not tell the Plaintiff about it."  He also states that both Barthel and

20  Pritchard "were aware from prior conversations with the Plaintiff that he wanted to be promoted

21  to the Tech III position, yet neither of them mentioned this opportunity."  Plaintiff adds that the

22  City of Red Bluff never provided a written policy regarding promotions and none of the

23  defendants ever suggested that plaintiff would have to formally apply for the promotion.

24  / / /

25  _____

26      [1]     Also before the court is plaintiff's motion for summary judgment (Doc. 43).

1      According to plaintiff, sometime in July 2008 a new person was hired as a Tech

2   III and that this person was only 35 years old.  Plaintiff states that he approached defendant

3   Nichols about the situation and was told by Nichols that he should have applied for the position.

4   Plaintiff states that he was terminated on July 31, 2009.

5

6                    **II.  STANDARDS FOR MOTION TO DISMISS**

7      In considering a motion to dismiss, the court must accept all allegations of

8   material fact in the complaint as true.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007).  The

9   court must also construe the alleged facts in the light most favorable to the plaintiff.  See Scheuer

10   v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S.

11   738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam).  All

12   ambiguities or doubts must also be resolved in the plaintiff's favor.  See Jenkins v. McKeithen,

13   395 U.S. 411, 421 (1969).  However, legally conclusory statements, not supported by actual

14   factual allegations, need not be accepted.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50

15   (2009).  In addition, pro se pleadings are held to a less stringent standard than those drafted by

16   lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).

17      Rule 8(a)(2) requires only "a short and plain statement of the claim showing that

18   the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is

19   and the grounds upon which it rests."  Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007)

20   (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).  However, in order to survive dismissal for

21   failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic

22   recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to

23   raise a right to relief above the speculative level."  Id. at 555-56.  The complaint must contain

24   "enough facts to state a claim to relief that is plausible on its face."  Id.  at 570.  "A claim has

25   facial plausibility when the plaintiff pleads factual content that allows the court to draw the

26   reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 129 S. Ct. at

1   1949.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more

2   than a sheer possibility that a defendant has acted unlawfully."  Id. (quoting Twombly, 550 U.S.

3   at 556).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability,

4   it 'stops short of the line between possibility and plausibility for entitlement to relief."  Id.

5   (quoting Twombly, 550 U.S. at 557).

6           In deciding a Rule 12(b)(6) motion, the court generally may not consider materials

7   outside the complaint and pleadings.  See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998);

8   Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994).  The court may, however, consider: (1)

9   documents whose contents are alleged in or attached to the complaint and whose authenticity no

10  party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question,

11  and upon which the complaint necessarily relies, but which are not attached to the complaint, see

12  Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

13  of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir.

14  1994).

15          Finally, leave to amend must be granted "[u]nless it is absolutely clear that no

16  amendment can cure the defects."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per

17  curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

18

19                              **III.  DISCUSSION**

20          Beginning on page 7 of the amended complaint, plaintiff alleges four claims for

21  relief as follows:

22          Claim 1      Age discrimination in violation of ADEA.

23          Claim 2      Denial of procedural due process.

24          Claim 3      Civil conspiracy, fraud, and wrongful termination.

25          Claim 4      Negligence.

26  / / /

4

1   In their motion to dismiss the amended complaint, defendants argue: (1) as a matter of law,

2   plaintiff's ADEA claim cannot proceed against any of the individual defendants; (2) plaintiff

3   fails to allege facts sufficient to state claims based either on negligence or denial of procedural

4   due process; and (3) plaintiff's conspiracy/fraud claim fails as a matter of law.

5           A.      **Claim 1 – ADEA**

6                   In Claim 1, plaintiff alleges violation of ADEA.  Defendants argue that, as a

7   matter of law, ADEA does not provide any cause of action against an individual but only the

8   employer.  Defendants are correct.  See Miller v. Maxwell's Intern, Inc., 991 F.2d 583, 587 (9th

9   Cir. 1993).  Plaintiff's ADEA claim should be dismissed as against the individual defendants

10  with prejudice and the claim should be allowed to proceed as against defendant City of Red Bluff

11  only.[2]

12          B.      **Claim 2 – Procedural Due Process**

13                  In Claim 2, plaintiff claims that, for months, he attempted to work out a solution

14  with defendants but was never given an "appropriate hearing."  He claims that he has a property

15  interest in continued employment.  Defendants argue that plaintiff cannot sustain a procedural

16  due process claim because he cannot allege that there were no adequate procedures available to

17  him.  As defendants note, plaintiff states in the amended complaint that non-management

18  employees, such as he was, were members of the Operating Engineers Local No. 3 and that the

19  terms and conditions of his employment were the subject of a collective bargaining agreement.

20  Defendants contend that a Memorandum of Understanding ("MOU") between the union and the

21  / / /

22

23          [2]     Plaintiff's "alter ego" and "cat's paw" arguments are unpersuasive.  In essence,
    plaintiff contends that the individual defendants were the decision-makers behind the alleged
24  discriminatory conduct and, as such, can be held liable.  The court does not agree that the case
    law supports this analysis.  To the contrary, Miller is clear that liability lies only against the
25  employer.  As the Supreme Court noted in Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S.
    133 (2000), the conduct of the actual decision-makers is relevant in determining the employer's
26  liability, but liability under ADEA is not extended to the decision-makers themselves.

1   city established a grievance and arbitration process.[3]  Defendants conclude that, absent

2   allegations that they interfered with his rights under the MOU, plaintiff cannot establish that no

3   process was available.

4          Defendants' position is persuasive.  In light of the MOU, it is clear that some

5   process was available to plaintiff.   In order to satisfy his burden of alleging that he had no

6   adequate process available, plaintiff must allege facts indicating that defendants interfered with

7   the process available under the MOU, or that the procedures provided in the MOU were

8   inadequate.[4]  Plaintiff should be provided an opportunity to amend Claim 2.

9          **C.**     **Claim 3 – Conspiracy/Fraud/Wrongful Termination**

10         In Claim 3, plaintiff alleges "civil conspiracy, fraud, and wrongful termination."

11  The bases of plaintiff's claim are his allegations that: (1) defendants reached a "consensus" that

12  plaintiff "should have applied for the position when it was advertised"; (2) defendants were

13  aware that promotions were routinely given based on management recommendations without the

14  need to apply for the position; (3) defendants "joined together in lying about the Plaintiff's

15  qualifications"; and (4) defendants "used fraudulent representations with the city council to deny

16  the Plaintiff due process and wrongfully terminate the Plaintiff."  Defendants argue that

17  plaintiff's conspiracy and fraud claims fail because plaintiff has failed to allege any facts to

18  indicate that two or more specific defendants reached any explicit or tacit understanding or

19  agreement to participate in a wrongful act.  Defendants also argue that plaintiff's wrongful

20  termination claim, which is based on plaintiff's contention that he was improperly terminated due

21  to age discrimination, is foreclosed against individual defendants because only the employer can

22  be liable for age discrimination.  Specifically, defendants assert that "[s]ince an individual

23

24         [3]      The court may consider at this stage of the proceedings the existence of the MOU
    because it is a document whose authenticity is not in question and because plaintiff admits to the
    existence of the MOU.

25

26         [4]      The court does not agree with plaintiff that it is defendants' burden to plead and
    prove the adequacy of the MOU.

1    defendant cannot be liable for age discrimination it is factually impossible for that same

2    individual to be liable for conspiring to commit wrongful termination by means of age

3    discrimination." Defendants cite no authority in support of this last proposition.

4            Addressing defendants' second argument first, while defendants are correct that

5    plaintiff's exclusive remedy under ADEA is an action against the employer, defendants cite no

6    authority in support of their position that ADEA essentially preempts an action under state law

7    against individual defendants who allegedly conspired and lied in order to wrongfully terminate

8    plaintiff or pass him over for promotion. Thus, defendants' second argument is not persuasive.

9            The gravamen of plaintiff's Claim 3 is that defendants agreed that plaintiff should

10   not be hired, then lied about the application process, resulting in plaintiff being wrongfully

11   passed over for a promotion. Turning to defendants' first argument, the court agrees that

12   plaintiff's amended complaint fails to link the alleged conspiracy to any particular defendant.

13   See Alfus v. Pyramid Technology Corp, 745 F. Supp. 1511, 1521 (N.D. Cal. 1990). Plaintiff's

14   generalized claim that "defendants" conspired is insufficient. Plaintiff must allege facts which

15   would allow the court to reasonably conclude that one particular defendant agreed with one or

16   more other particular defendants to wrongfully terminate plaintiff. Here, plaintiff has not done so

17   in that he does not say which specific defendants formed an agreement to wrongfully terminate

18   plaintiff. Plaintiff should be provided an opportunity to amend Claim 3.

19          **D.      Claim 4 – Negligence**

20          In Claim 4, plaintiff alleges negligence. Specifically, plaintiff alleges that

21   defendants owed the citizens of Red Bluff the duty of dealing honestly, fairly, and without

22   discrimination, that defendants breached this duty by "neglecting the Plaintiff's right to be

23   informed about a job opening . . . that would later be used to justify the Plaintiff's termination,"

24   defendants also breached this duty by "negligently perpetuating the dishonest, unfair, and

25   discriminatory assertions that the Plaintiff should have applied for the position and that the

26   Plaintiff was not qualified," and that he suffered damages as a result.

Defendants argue that plaintiff's negligence claim fails because plaintiff has failed to allege any facts upon which the court could reasonably conclude that a legal duty to plaintiff ever arose. This argument is not persuasive. The factual bases of plaintiff's complaint are his contention that defendants routinely promoted from within based solely on recommendations from superiors, that they had a duty to follow this same practice with respect to his promotion, and that they breached the duty by not considering him for promotion without formally applying and failing to inform him that he would have to apply for the promotion. These allegations are sufficient to allow the court to conclude that a legal duty to plaintiff existed.

Defendants also appear to argue that plaintiff's negligence claim against the individual defendants is barred under California's exclusive remedies for workers' compensation because the individual defendants are alleged to have been co-employees. This argument is somewhat perplexing given that defendants concede that this bar does not apply where the plaintiff alleges, as here, an independent theory of liability based on age discrimination.

Defendants' references to immunities under California law are also unpersuasive. First, while defendants generally cite California Government Code §§ 815 and 815.2, defendants do not cite any specific statute providing for the immunities they assert. Sections 815 and 815.2 provide, generally, that government entity liability in California is governed by statute. Defendants do not point to any specific statutes which bar the claims plaintiff raises in this case.

Finally, defendants argue that plaintiff's negligence claim fails because he does not allege facts indicating compliance with California's tort claims procedures. The court does not agree. In the amended complaint, plaintiff specifically alleges that he submitted a claim for "personal injury" on October 21, 2008, which was denied. He also states that, on December 15, 2008, he submitted an additional claim based on alleged age discrimination, which was also rejected. He also filed a claim with the EEOC on February 10, 2009. The claim for "personal injury" sufficiently encompassed plaintiff's state law theories, and his claim based on age discrimination and later claim to the EEOC encompass plaintiff's ADEA claim. Plaintiff has

8

1  sufficiently alleged facts indicating compliance with the tort claims procedures.

2  **IV.  CONCLUSION**

3       In sum, plaintiff's ADEA claim should be dismissed with prejudice as against all

4  defendants except City of Red Bluff.  Plaintiff should be provided an opportunity to amend as to

5  his procedural due process and conspiracy/fraud/wrongful termination claims.  The motion to

6  dismiss should be denied as to plaintiff's negligence claim.  Finally, plaintiff's motion for

7  summary judgment should be denied as premature given the recommendation herein that plaintiff

8  be provided an opportunity to further amend the complaint.

9       Based on the foregoing, the undersigned recommends that:

10      1.      Defendants' motion to dismiss (Doc. 35) be granted in part and denied in

11  part as discussed above;

12      2.      Plaintiff's motion for summary judgment (Doc. 43) be denied as

13  premature; and

14      3.      The first amended complaint be dismissed with leave to amend.

15      These findings and recommendations are submitted to the United States District

16  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

17  after being served with these findings and recommendations, any party may file written

18  objections with the court.  Responses to objections shall be filed within 14 days after service of

19  objections.  Failure to file objections within the specified time may waive the right to appeal.

20  See <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

21

22   DATED:  February 7, 2011

23                                    _____
                                      **CRAIG M. KELLISON**
24                                    UNITED STATES MAGISTRATE JUDGE

25

26

9