UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SCOTT JOHNSTON,

        Plaintiff,

    v.

CITY OF RED BLUFF, et al.,

        Defendants.
_____/

NO. S-09-1353-FCD-CMK-PS

MEMORANDUM AND ORDER

----oo0oo----

This matter is before the court on review of the findings and recommendations ("F&R") of the magistrate judge,[1] filed February 8, 2011, addressing defendants City of Red Bluff, Martin Nichols, Tessa Pritchard, Mark Barthel, and Richard Crabtree's (collectively "defendants") motion to dismiss plaintiff Scott Johnston's ("plaintiff") first amended complaint

---

[1] This matter was referred to a United States magistrate judge pursuant to 28 U.S.C. section 636(b)(1)(B) and Eastern District Local Rule 302.

1

("FAC").  The FAC alleges the following claims: 1) age discrimination in violation of the Age Discrimination in Employment Act ("ADEA"); 2) denial of procedural due process; 3) civil conspiracy, fraud, and wrongful termination; and 4) negligence.  Defendants filed objections to the magistrate judge's findings and recommendations.[2]  The court adopts the magistrate judge's findings and recommendations with respect to the ADEA, procedural due process, and civil conspiracy, fraud, and wrongful termination claims.  However, for the reasons set forth below, the court does not adopt in full the findings and recommendations with respect to plaintiff's negligence claim.

**BACKGROUND**

The court adopts the factual and procedural background set forth by the magistrate judge in his findings and recommendations.  (See F&R, filed Feb. 8, 2011 [Docket # 49], at 2-3.)

---

[2] In their objections, defendants challenge the Magistrate Judge's conclusions regarding plaintiff's Claim 3 (conspiracy/fraud/wrongful termination) and Claim 4 (negligence).  As to Claim 3, defendants argue (as they did in their motion to dismiss) that a claim for conspiracy cannot lie where the individual defendants are legally incapable of committing the underlying tort.  In this case, defendants contend that the only tort underlying plaintiff's Claim 3 is alleged wrongful termination due to age discrimination.  According to defendants, the individuals cannot be held liable for this tort because, under ADEA, only employers are liable.  While defendants are correct that the individual defendants cannot be held liable under ADEA, it is still possible that they conspired to commit another underlying tort alleged in the complaint – violation of due process (alleged in Claim 2).  Because it is possible that plaintiff can state a claim, the Magistrate Judge's finding that plaintiff should be permitted to amend this claim is sound.

2

**STANDARD**

When timely objections to findings by a magistrate judge are filed, the district court must conduct a *de novo* determination of the findings and recommendations as to issues of law.  28 U.S.C. § 636(b)(1).  The district court may adopt, reject, or modify in part or in full the findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  For the reasons set forth below, the court adopts the magistrate's findings and recommendations in part and declines to adopt in part.

**ANALYSIS**

Plaintiff's fourth claim for relief alleges negligence.[3] (FAC, filed June 18, 2010 [Docket # 34], ¶¶ 87-93.) Specifically, plaintiff alleges that the "[h]iring, promotion and contracting practices of [d]efendant [City of] Red Bluff resulted in unqualified persons being given positions of authority" and that these persons "contributed to, or caused the [p]laintiff's termination."  (Id. ¶ 92.)  Defendants' argue "that no liability exists on behalf of a governmental entity or its employees in the absence of a specific statute providing for such liability," relying on California Government Code §§ 815 and 815.2.  (Defs.' Mot. to Dismiss ["MTD"], filed July 6, 2010 [Docket # 35], at 14.)

California Government Code § 815(a) provides that "[u]nless otherwise provided by statute: . . . [a] public entity is not liable for an injury, whether such injury arises out of an act

---

[3] Except as set forth *infra*, the court adopts the magistrate judge's analysis and conclusions regarding plaintiff's negligence claim.

or omission of the public entity or a public employee . . . ." Cal. Gov. Code § 815(a).  Thus, the City of Red Bluff may not be held directly liable for its hiring, promotion and contracting practices unless plaintiff can show that a statute imposes a duty upon the City of Red Bluff to the contrary or that the City of Red Bluff is vicariously liable for the acts of its employees.[4]  Plaintiff does not point to any specific statute that serves as a basis for liability of the City of Red Bluff nor does he allege that the City of Red Bluff is liable for negligence through the actions of its employees.  As such, defendants' motion to dismiss plaintiff's negligence claim as to the City of Red Bluff is GRANTED with leave to amend.

As to plaintiff's negligence claims against individual defendants Martin Nichols, Tessa Pritchard, Mark Barthel, and Richard Crabtree, defendants' reliance on California Government Code sections 815 and 815.2 is without merit.  These statutes only provide immunity to a public entity, not to individual public employees.[5]  Because defendants failed to point to any relevant statute granting immunity to the individual, defendants' motion to dismiss plaintiff's negligence claim as to

---

[4] A public entity may be liable under a theory of respondeat superior.  See id. § 815.2(a).  However, in absence of a statute directing otherwise, a public entity cannot be held liable for an employee's act or omission where the employee himself is immune.  Id. § 815.2(b).  Plaintiff's first amended complaint alleges only direct liability on behalf of the City of Red Bluff.  Nothing in this order prevents plaintiff from amending his complaint to allege that the City of Red Bluff is liable for negligence via respondeat superior.

[5] Although defendants' failed to show that the individual defendants are immune, nothing in this order prevents defendants from doing so at a later time.

1 | the individual defendants is DENIED.

## CONCLUSION

For the foregoing reasons, the court adopts the magistrate judge's findings and recommendations as to plaintiff's ADEA, due process, and civil conspiracy, fraud, and wrongful termination claims. The court declines to adopt the magistrate judge's findings and recommendations as to plaintiff's negligence claim. Defendants' motion to dismiss is GRANTED with leave to amend as to defendant City of Red Bluff and DENIED as to defendants Martin Nichols, Tessa Pritchard, Mark Barthel, and Richard Crabtree. Plaintiff is granted fifteen (15) days from the date of this order to file a second amended complaint in accordance with this order. Defendants are granted thirty (30) days from the date of service of plaintiff's second amended complaint to file a response thereto.

IT IS SO ORDERED.

DATED: March 31, 2011

FRANK C. DAMRELL, JR.
UNITED STATES DISTRICT JUDGE