1

2

3

4

5

6

7

8                    **IN THE UNITED STATES DISTRICT COURT**

9                  **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   SCOTT JOHNSTON,                         No. CIV S-09-1353-FCD-CMK

12              Plaintiff,

13        vs.                                ORDER

14   CITY OF RED BLUFF, et al.,

15              Defendants.

16   _____/

17              Plaintiff brings this civil action under the Age Discrimination in Employment Act

18   ("ADEA"), 29 U.S.C. §§ 621-634, against the City of Red Bluff and various of its current and/or

19   former employees, Martin Nichols, Tessa Pritchard, Mark Barthel, and Richard Crabtree.

20   Plaintiff alleges age discrimination and related constitutional and state law torts with respect to

21   his employment as an engineering technician for defendant City of Red Bluff.  All defendants

22   have appeared by way of their answer filed on June 5, 2009.   Pending before the court is

23   defendants' motion to amend the answer (Doc. 59).

24   / / /

25   / / /

26   / / /

1

1    In their motion, defendants seek leave to file an amended answer to add as an

2    affirmative defense that some of plaintiff's claims are barred by the exclusive remedy provisions

3    of California's worker's compensation statute.  Plaintiff opposes, arguing: (1) the motion is

4    presented in bad faith for the purpose of hindering plaintiff's ability to respond to defendants'

5    opposition to his motions for summary judgment; and (2) the amendment is futile because the

6    issue of the worker's compensation exclusive remedy has already been litigated and decided

7    against defendants.

8    Leave to amend a party's pleading pursuant to Federal Rule of Civil Procedure

9    15(a) should be freely granted unless there is a strong reason justifying denial, such as undue

10   delay, bad faith, prejudice to the opposing party, or futility.  See Forman v. Davis, 371 U.S. 178,

11   182 (1962).  In this case, there is no evidence of any bad faith.  Notwithstanding the filing of the

12   motion to amend, plaintiff was still able to file a reply brief relating to his motions for summary

13   judgment.  Plaintiff's argument that the amendment would be futile because the worker's

14   compensation exclusive remedy provision has been litigated is unpersuasive.  While the court

15   discussed the issue in the February 8, 2011, findings and recommendations, that portion of the

16   findings and recommendations was not addressed by the District Judge.[1]  Thus, the issue has not

17   been litigated against defendants as plaintiff suggests.

18   / / /

19

20          [1]   Defendants raised their worker's compensation argument in the context of a
     previous motion to dismiss.  In the findings and recommendations, the court stated that
21   defendants' worker's compensation argument "is somewhat perplexing given that defendants
     concede that this bar does not apply where the plaintiff alleges, as here, an independent theory of
22   liability based on age discrimination."  The court also rejected defendants' other arguments for
     dismissal of plaintiff's negligence claim, including their argument that California Government
23   Code immunities precludes the claim, and recommended that the claim be allowed to go forward.
     While the District Judge stated in the March 31, 2011, order addressing the findings and
24   recommendations that the negligence analysis was not being adopted, the court nonetheless
     concluded that Government Code Immunities are inapplicable as against the individual
25   defendants who are alleged to have been negligent and denied defendants' motion to dismiss as
     to that claim.  The District Judge did not address the worker's compensation exclusive remedy
26   issue.

1    Accordingly, IT IS HEREBY ORDERED that:

2    1.    Defendants' motion for leave to file an amended answer (Doc. 59) is

3 granted; and

4    3.    The Clerk of the Court is directed to file the proposed amended answer

5 submitted at Doc. 59-1, which shall be considered timely filed.

6

7  DATED:  July 14, 2011

8                                                _____
                                                 *Craig M. Kellison*
9                                                **CRAIG M. KELLISON**
                                                 UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26