IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSTON, | No. CIV S-09-1353-FCD-CMK |
| Plaintiff, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| CITY OF RED BLUFF, et al., | |
| Defendants. | |
| _____/ | |

Plaintiff brings this civil action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634, against the City of Red Bluff and various of its employees, Martin Nichols, Tessa Pritchard, Mark Barthel, and Richard Crabtree. Plaintiff alleges age discrimination and related constitutional and state law torts with respect to his employment as an engineering technician for defendant City of Red Bluff. Pending before the court is plaintiff's motion for summary judgment (Doc. 78). The parties appeared for a hearing on May 23, 2012. Plaintiff appeared pro se. James A. Wyatt, Esq., appeared for defendants. After hearing arguments, the matter was taken under submission for issuance of formal findings and recommendations to the assigned District Judge.

/ / /

# I. BACKGROUND

## A. Plaintiff's Factual Allegations and Legal Theories

This action proceeds on the second amended complaint filed April 8, 2011. Plaintiff was hired by defendant City of Red Bluff in August 2000 as an Engineering Technician I. He was 43 years old at the time. In February 2002 plaintiff was promoted to the position of Engineering Technician II. According to plaintiff, this position was not posted or advertised and he was promoted solely based on the recommendations of his supervisors. Plaintiff states that, based on this history, he expected to be promoted to Tech III "within the next few years." Plaintiff states that his immediately supervisor – Tim Wood – was replaced by defendant Barthel in mid-2004. According to plaintiff, "personality clashes" between plaintiff and Barthel developed "over the years."

Plaintiff states that, by August 14, 2005, he "deserved a promotion" and that a promotion required a recommendation from Barthel. Barthel informed plaintiff that there was not enough money in the city budget for plaintiff to be promoted. Plaintiff claims that, unknown to him at the time, in early 2008 the city began looking for another engineering technician. Plaintiff states that defendants Barthel, Pritchard, and Nichols "would have each known of the opening, but they did not tell the Plaintiff about it." He also states that both Barthel and Pritchard "were aware from prior conversations with the Plaintiff that he wanted to be promoted to the Tech III position, yet neither of them mentioned this opportunity." Plaintiff adds that the City of Red Bluff never provided a written policy regarding promotions and none of the defendants ever suggested that plaintiff would have to formally apply for the promotion.

According to plaintiff, sometime in July 2008 a new person was hired as a Tech III and that this person was only 35 years old. Plaintiff states that he approached defendant Nichols about the situation and was told by Nichols that he should have applied for the position. Plaintiff states that he was terminated on July 31, 2009.

///

Beginning on page 7 of the second amended complaint, plaintiff alleges four claims for relief as follows:

<u>Claim 1</u>     Age discrimination in violation of ADEA.
<u>Claim 2</u>     Denial of procedural due process.
<u>Claim 3</u>     Civil conspiracy, fraud, and wrongful termination.
<u>Claim 4</u>     Negligence.

**B.     Procedural History**

Defendants' motion to dismiss the first amended complaint was granted in part and denied in part, and plaintiff was provided an opportunity to file the second amended complaint. Findings and recommendations addressing defendants' motion to dismiss the first amended complaint were issued on February 8, 2011, and adopted in full <u>except as to plaintiff's negligence claim</u> on March 31, 2011.

As to plaintiff's ADEA claim (Claim 1), the court agreed with defendants that such a claim can only proceed as against the City of Red Bluff and not against any individual defendants. As to plaintiff's procedural due process claim (Claim 2), the court concluded that a Memorandum of Understanding ("MOU") provided some process to plaintiff, but plaintiff had not met his burden of pleading either that defendants interfered with the process available under the MOU, or that such processes were inadequate. Plaintiff was provided an opportunity to amend to so allege. As to plaintiff's conspiracy claim (Claim 3), plaintiff was provided leave to amend in order to allege facts which would allow the court to reasonably conclude that one particular defendant agreed with one or more other defendants to wrongfully terminate plaintiff.

As to plaintiff's negligence claim (Claim 4), the court ultimately concluded that such a claim is plausible against the City of Red Bluff on a respondeat superior theory of liability and against the individual defendants on a traditional theory. Plaintiff was provided an opportunity to amend the claim as to the City of Red Bluff. The court denied defendants' motion on the negligence claim as to the individual defendants, concluding that they had not met their

burden of establishing that state law grants them immunity from such a claim.

Plaintiff filed his second amended complaint on April 8, 2011, and all defendants have answered.

## II. STANDARD FOR SUMMARY JUDGMENT

Summary judgment is appropriate when it is demonstrated that there exists "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Under summary judgment practice, the moving party

> . . . always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," which it believes demonstrate the absence of a genuine issue of material fact.
>
> Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

"[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to interrogatories, and admissions on file.'" Id. Indeed, summary judgment should be entered, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Id. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." Id. In such a circumstance, summary judgment should be granted, "so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." Id. at 323.

///

///

///

1  If the moving party meets its initial responsibility, the burden then shifts to the
2 opposing party to establish that a genuine issue as to any material fact actually does exist. See
3 Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).  In attempting to
4 establish the existence of this factual dispute, the opposing party may not rely upon the
5 allegations or denials of its pleadings but is required to tender evidence of specific facts in the
6 form of affidavits, and/or admissible discovery material, in support of its contention that the
7 dispute exists.  See Fed. R. Civ. P. 56(e); Matsushita, 475 U.S. at 586 n.11.  The opposing party
8 must demonstrate that the fact in contention is material, i.e., a fact that might affect the outcome
9 of the suit under the governing law, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986);
10 T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987), and
11 that the dispute is genuine, i.e., the evidence is such that a reasonable jury could return a verdict
12 for the nonmoving party, Wool v. Tandem Computers, Inc., 818 F.2d 1433, 1436 (9th Cir. 1987).

13  In the endeavor to establish the existence of a factual dispute, the opposing party
14 need not establish a material issue of fact conclusively in its favor.  It is sufficient that "the
15 claimed factual dispute be shown to require a jury or judge to resolve the parties' differing
16 versions of the truth at trial." T.W. Elec. Serv., 809 F.2d at 631.  Thus, the "purpose of summary
17 judgment is to 'pierce the pleadings and to assess the proof in order to see whether there is a
18 genuine need for trial.'" Matsushita, 475 U.S. at 587 (quoting Fed. R. Civ. P. 56(e) advisory
19 committee's note on 1963 amendments).

20  In resolving the summary judgment motion, the court examines the pleadings,
21 depositions, answers to interrogatories, and admissions on file, together with the affidavits, if
22 any.  See Fed. R. Civ. P. 56(c).  The evidence of the opposing party is to be believed.  See
23 Anderson, 477 U.S. at 255.  All reasonable inferences that may be drawn from the facts placed
24 before the court must be drawn in favor of the opposing party.  See Matsushita, 475 U.S. at 587.
25 Nevertheless, inferences are not drawn out of the air, and it is the opposing party's obligation to
26 produce a factual predicate from which the inference may be drawn.  See Richards v. Nielsen

5

1  Freight Lines, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), aff'd, 810 F.2d 898, 902 (9th Cir.
2  1987).  Finally, to demonstrate a genuine issue, the opposing party "must do more than simply
3  show that there is some metaphysical doubt as to the material facts . . . .  Where the record taken
4  as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no
5  'genuine issue for trial.'"  Matsushita, 475 U.S. at 587 (citation omitted).

### III.  DISCUSSION

Plaintiff's current motion for summary judgment consists of a two-page document which purports to incorporate by reference parts of the second amended complaint as well as his prior motion for summary judgment filed May 6, 2011 (and later denied as premature).  In opposition, defendants raise a number of procedural and evidentiary objections with plaintiff's motion, in addition to addressing plaintiff's claims on the merits.  As discussed below, because the motion can be resolved against plaintiff on the merits, it is not necessary to address defendants' objections.

**A.  ADEA (Claim 1)**

Summary judgment is not available to a plaintiff where there is a genuine dispute of material fact as to at least one essential element of the claim.  Such is the case here with plaintiff's ADEA claim against the City of Red Bluff.  To establish a prima facie case under the ADEA, plaintiff must prove: (1) he was in the protected class of persons over age 40; (2) he was performing his job satisfactorily; (3) he suffered an adverse employment action; and (4) the employer retained a sufficiently younger and similarly situated individual to permit a reasonable inference of age discrimination.  See Coleman v. Quaker Oats, Co., 232 F.3d 1271, 1281 (9th Cir. 2000).  Once a prima facie case has been established, the burden shifts to defendants to articulate a legitimate non-discriminatory basis for the City of Red Bluff's employment decision.  See id.  Where the discharge in question arises from a reduction in workforce, a reasonable inference of age discrimination can arise where the employer had a continuing need for the

1  discharged employee's services in that the discharged employee's duties were still being
2  performed, or where others not in the discharged employee's protected class were treated more
3  favorably.  See id.
4       Logically, for plaintiff to establish a prima facie case, he must first show that he
5  was qualified to be retained in the Tech III position ultimately occupied by the younger person.
6  If plaintiff cannot establish this, then it cannot be said that the employer retained a similarly
7  situated person over plaintiff.  Nor could it be said that plaintiff was performing the Tech III job
8  functions satisfactorily.  On this point, defendants submit testimony from Mark Bethel, plaintiff's
9  immediate supervisor, indicating his belief that plaintiff was not qualified for the Tech III
10 position because he required frequent supervision, was not capable of independently initiating
11 and supervising a large project, and because plaintiff was not capable of supervising other
12 employees.  This evidence creates a genuine issue of material fact – whether and to what extent
13 plaintiff was capable of performing the duties required of the Tech III position.   This dispute
14 alone is sufficient to defeat summary judgment.
15      Defendants also persuasively argue that summary judgment is not appropriate
16 because they have presented evidence under the burden shifting analysis that there were
17 legitimate non-discriminatory reasons for the personnel decisions in question.  Specifically,
18 defendants offer evidence showing that there was a need to reduce the city of Red Bluff's
19 workforce due to economic reasons, that this necessitated a choice between defunding the Tech II
20 position or the Tech III position, and that the Tech III position was essential and could not be
21 defunded.  According to defendants, these facts present a legitimate non-discriminatory reason
22 for eliminating the Tech II position held by plaintiff.  Plaintiff has not presented any evidence to
23 rebut defendants' position.  Therefore, a genuine dispute of material fact also exists as to whether
24 the workforce reduction was actually legitimate and non-discriminatory, or simply a pretext for
25 hiring a younger person into the Tech III position instead of plaintiff.
26 / / /

1    For these independent reasons, summary judgment in plaintiff's favor on his
2 ADEA claim is not warranted.
3    **B.    Due Process (Claim 2)**
4    As discussed above, this claim is dependent on either the adequacy of procedures
5 provided for in the MOU or whether such procedures were followed, and it is plaintiff's burden
6 to establish what procedures the MOU provides and, if necessary, whether they are adequate.
7 Given that plaintiff has not provided the court with a complete copy of the MOU, plaintiff has
8 not met this burden and, for this reason alone, summary judgment in favor of plaintiff on this
9 claim is not appropriate.
10    Plaintiff's repeated argument that the MOU is irrelevant is unpersuasive.  In
11 Armstrong v. Meyers, the court stated: "A public employer may meet its obligation to provide
12 due process through grievance procedures established in a collective bargaining agreement,
13 provided, of course, those procedures satisfy due process." Meyers, 964 F.2d 948, 950 (9th Cir.
14 1992).  Thus, the MOU is critical and may be dispositive of plaintiff's due process claim.
15    **C.    Conspiracy (Claim 3)**
16    As clarified in prior orders, the gravamen of plaintiff's conspiracy claim is that
17 defendants conspired to wrongfully terminate him.  While the court indicated that it is possible
18 that plaintiff may be able to plead facts to suggest a conspiracy to commit some tort other than
19 age discrimination, plaintiff's second amended complaint continues to allege only age
20 discrimination as the wrongful conduct.  Plaintiff has chosen through his pleadings to focus on
21 age discrimination.  For this reason, it is unnecessary to address defendants' renewed argument
22 that they are immune under state law from any tort claims based on age discrimination.
23    To prevail on summary judgment, plaintiff must prove at a minimum that one or
24 more specific defendants entered into an agreement with one or more other specific defendants
25 for this purpose.  See Alfus v. Pyramid Technology Corp, 745 F. Supp. 1511, 1521 (N.D. Cal.
26 1990).  Defendants submit their declarations indicating that the personnel decisions relating to

plaintiff were based on legitimate non-discriminatory reasons, specifically the need for a workforce reduction and plaintiff's inability to perform the Tech III duties. Thus, a genuine dispute of material fact exists.

### D. Negligence (Claim 4)

Plaintiff's negligence claim is based on the theory that defendants, as former co-workers and former employer, owed plaintiff a duty to not discriminate against him based on age. Defendants renew their argument that no such duty exists as a matter of law because the individual defendants are immune under state law and because the claim against the City of Red Bluff is essentially preempted by plaintiff's ADEA claim. As with plaintiff's other claims, to prevail under this theory of negligence plaintiff must establish that defendants discriminated against him based on age. Absent such proof, it cannot be said that defendants breached any duty to not discriminate based on age (assuming without deciding that such a duty exists in the first place). Here, defendants have submitted evidence creating a genuine dispute of material fact as to whether the personnel actions at issue in this case were motivated by legitimate non-discriminatory reasons.

### IV. CONCLUSION

Plaintiff's motion for summary judgment should be denied. For their part, defendants request that the court enter summary judgment in their favor under Federal Rule of Civil Procedure 56(f)(1). That rule is permissive and not mandatory in that it states that the court "may" grant summary judgment for a non-movant. In this case, and in order to better create and preserve the clearest possible record, the court declines to recommend summary judgment in defendants' favor under Rule 56(f)(1). Rather, defendants should file their own separately noticed motion, which plaintiff will then have an opportunity to oppose.

/ / /

/ / /

Based on the foregoing, the undersigned recommends that:

    1.    Plaintiff's motion for summary judgment (Doc. 78) be denied; and

    2.    Defendants' request for relief pursuant to Federal Rule of Civil Procedure 56(f)(1) be denied without prejudice to filing a separate motion for summary judgment.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 18, 2012

                                                  **CRAIG M. KELLISON**
                                                  UNITED STATES MAGISTRATE JUDGE