**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SCOTT JOHNSTON, | No. 2:09-CV-1353-CMK |
| Plaintiff, | |
| v. | <u>ORDER</u> |
| CITY OF RED BLUFF, | |
| Defendant. | |

Plaintiff, who is proceeding pro se, brings this civil action under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-634. Pending before the court is defendant's motion (Doc. 137) to compel additional limited discovery. The parties appeared before the undersigned for a hearing on March 19, 2014. Plaintiff appeared pro se. James A. Wyatt, Esq., appeared for defendant.

At issue is whether defendant is entitled to discovery concerning plaintiff's disability status. As defendant notes, plaintiff's initial disclosure pursuant to Federal Rule of Civil Procedure 26(a), filed with the court on September 7, 2011, includes a statement that his damages calculation is based on Exhibit 22 attached to the first amended complaint. Exhibit 22, in turn, sets forth a chart showing how plaintiff calculated his claimed damages, including claimed damages for loss of future earnings. Plaintiff has never supplemented that disclosure. In preparation for trial, plaintiff provided defendant with his anticipated trial exhibits. Among these

1

1  exhibits is Exhibit 17, a declaration entitled "Plaintiff's Projected Financial Losses," signed under
2  penalty of perjury on September 5, 2013, in which plaintiff states that he is "currently receiving
3  Social Security" and is not working. He also attached to the declaration a chart, similar to Exhibit
4  22 attached to the amended complaint, outlining plaintiff's claimed damaged. This chart includes
5  a column entitled "Working 'Odd Jobs' and SS Disability till Age 68" which was not included in
6  Exhibit 22. Exhibit 17 also suggests that plaintiff was receiving social security benefits as early
7  as 2009 – the year this complaint was filed.

8  Given the differences between Exhibits 22 and 17 with respect to plaintiff's
9  claimed damages, it would appear that plaintiff was receiving social security payments as early as
10 2009 and that plaintiff failed to supplement his initial Rule 26(a) disclosure to reflect this fact. At
11 the hearing on defendant's motion, plaintiff himself admitted that he could see how his Exhibit 17
12 could lead to this conclusion, though he contends that he did not first receive disability benefits
13 until sometime in 2013. Because plaintiff failed to supplement his initial Rule 26(a) disclosure,
14 defendant had no way until September 2013 when Exhibit 17 was first provided by plaintiff of
15 knowing about the disability issue. Further, the court finds – and plaintiff would seem to agree –
16 that defendant is entitled to limited discovery to explore the disability issue.[1]

17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /

---

[1] Plaintiff argues that, regardless of whether he is on disability or not, the issue is irrelevant because there is no legal authority supporting defendant's position that plaintiff cannot claim loss of future earning if he is disabled. The District Judge previously assigned to this case, however, concluded in ruling on defendant's motion in limine no. 4 that defendant is entitled to make this argument to the jury.

Accordingly, IT IS HEREY ORDERED that:

1. Defendant's motion to compel additional limited discovery (Doc. 137) is granted;

2. On or before March 28, 2014, plaintiff shall provide to defendant a copy of his original application(s) for social security benefits, along with any amendments or supplements thereto, and a copy of plaintiff's award letter(s); and

3. Defendant's counsel shall initiate a follow-up telephonic conference at 11:30 a.m. on April 1, 2014.

Dated: March 25, 2014

CRAIG M. KELLISON
UNITED STATES MAGISTRATE JUDGE

3